# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENGINEERED ABRASIVES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:15-cv-06983 |
| v. | ) |
| | ) |
| AMERICAN MACHINE PRODUCTS | ) Honorable Michael T. Mason |
| & SERVICE INC., EDWARD | ) |
| RICHERME, KAREN RICHERME | ) |
| AND EDWARD C. RICHERME | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF JOAN L. LONG IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS

Joan L. Long, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice, and a member in good standing, in the State of Illinois, the Northern District of Illinois, the State of Michigan, the Federal Circuit and the United States Supreme Court. I am a partner with the law firm of Barnes & Thornburg LLP, and was counsel of record for Engineered Abrasives ("EA") in the district court case *Engineered Abrasives, Inc. v. Edward Richerme, Karen Richerme, Edward C. Richerme and American Machine Products & Service Inc.* Case No. 1:15-cv-06983(N.D. Illinois) (hereinafter "Action").

2. I submit this affidavit in support of PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

3. On August 10, 2015, EA filed its complaint in the present case against the four named defendants, joint and several, in response to defendants' false and defamatory email to an

EA customer asserting that EA machines posed a safety risk and could explode and kill anyone working nearby.

4. In their filed Answer, Defendants admitted the content and delivery of the defaming email, did not challenge the sufficiency of EA's facts or pleadings, did not assert any privilege or defense, and did not seek to dismiss any party or assert any counterclaim.

5. Defendants stipulated to EA's motion for preliminary injunction, failed to enter any document or exhibit into the record, and did not produce a single document or piece of evidence during the discovery period set by the Court.

6. Prior to the settlement conference, and as required by this Court's Standing Order, EA submitted its settlement demand letter to defendants, and defendants responded with their required response and settlement offer. The letters of both parties dealt exclusively with the claims asserted in this federal action and copies were provided to this Court.

7. Prior to the settlement conference, EA's counsel drafted its own working copy of a settlement agreement ("Working Draft") with both specific and standard contract terms.

8. The specific terms, contained on pages one and two of the Working Draft, were drafted to include EA's material terms of settlement, namely permanent injunctive relief, liquidated damages, and payment ("Specific Settlement Terms").

9. The remaining standard contract terms, contained on pages three and four, were taken from other agreements, but EA's counsel believed they were consistent with the sole purpose of the settlement, to resolve this federal action and all related claims.

10. When drafted, EA's counsel did not intend the Working Draft to be the final settlement agreement document, but rather a tool for EA's use during the settlement conference negotiations.

2

11. EA's counsel fully anticipated that the terms that were material to the agreement would be negotiated and revised during the settlement conference, which they were.

12. At the start of the June 2, 2016 settlement conference, this Court emphasized to the parties the importance of negotiating in good faith as the only way the conference could continue or an agreement could be reached.

13. The Court's instruction confirmed paragraph 14 of the Working Draft, which confirmed the parties required good faith dealing.

14. The settlement conference negotiations between the parties, with the assistance of this Court, focused entirely on the Specific Settlement Terms.

15. During the settlement conference, and to aid negotiations of the Specific Settlement Terms, EA's counsel, for the first time, shared a copy of the Working Draft with defendants' counsel.

16. Edits were made to the Working Draft as the parties negotiated the terms.

17. Apart from the terms marked on the Working Draft, no other terms or conditions were discussed or raised during the time the parties negotiated together.

18. The Court asked if the parties wished to submit a final clean copy of the Working Draft and Defendants' counsel stated he wanted to "get it all done today" and have the parties sign the Working Draft with the edits made.

19. The Court asked EA's counsel to read the terms of agreement into the record, and EA's counsel read only the Specific Settlement Terms into the record.

20. The Court questioned EA and each of the defendants individually and on the record as to their agreement to the Specific Settlement Terms as read into the record by EA's

3

counsel, and specifically asked defendants of their understanding, and each defendant stated they agreed, without addition or qualification.

21. At no time before or during, the settlement conference were any of the standard contract terms on pages three and four of the Working Draft mentioned, discussed, or negotiated.

22. Specifically, at no time during the settlement conference, or at the reading into the record of the agreed terms, did defendants identify the release as a critical term, or even hint, that their agreement was premised on using the release outside of this case.

23. Prior to the signing of the Joint Stipulated Motion to Dismiss, EA's counsel in this action was contacted by EA's counsel in a separate and unrelated state action, stating defendants had alluded to using the federal settlement agreement release to dismiss the state action.

24. According to EA's separate state action counsel, the state action for theft of trade secrets case, brought against only 3 of the 4 defendants in the federal case, has been in active litigation since 2012, and is now at the summary judgment stage.

25. On June 8, 2016, EA's counsel contacted defendants' counsel and raised the issue of defendants' claimed interpretation, and expressly stated that EA had not agreed to release the state action. EA's counsel requested confirmation that defendant's insurance appointed counsel had no authority to negotiate or settle the state action. EA's counsel indicated they would not file the joint motion to dismiss until receiving such confirmation. See attached Ex. A-1.

26. Defendants' counsel responded confirming he did not represent the defendants in any case other than this case and stated he did not understand my claim and insisted the motion to dismiss be filed. Prior to entering the dismissal, Defendants' counsel clearly knew that EA's

4

did not agree with defendants' claim as to the scope and effect of the release, but still signed the dismissal. See attached Exhibit A-2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of July, 2016 in Chicago, Illinois.

_____*/s/Joan L. Long*___
Joan L. Long

DMS 4086510v1

5

# Exhibit A-1

**Long, Joan**
_____

**Subject:** FW: Engineered Abrasives v. Richerme

_____

**From:** "Long, Joan" <Joan.Long@btlaw.com>
**Date:** Wednesday, June 8, 2016 at 2:54 PM
**To:** Stan Kitzinger <skitzinger@mkplawyers.com>
**Cc:** "Peters, Grant" <Grant.Peters@btlaw.com>, "dharitos@morseandbolduc.com" <dharitos@morseandbolduc.com>, "Long, Joan" <Joan.Long@btlaw.com>
**Subject:** FW: Engineered Abrasives v. Richerme

Dear Stanley,
I have drafted a stipulated dismissal with prejudice of the defamation suit that we can send to you for review and signature. We have a status hearing before Judge Mason on Thursday, June 6, 2016. While I'm hoping to have the dismissal signed and filed before then, thereby eliminating the need for the hearing, we will need a confirmation from you before we can do that. While the settled defamation case is completely separate from the long pending state trade secret case between the parties, we hear there has been some noise that Defendants may try to argue the settlement of the defamation case impacts the state case. As such, we will need written confirmation that the pending state court action (for a separate cause of action, pending before a different judge in a different jurisdiction with different counsel and without insurance coverage) was not part of the settlement discussion or resolution and the claims and remedies at issue in the state action are not released, or in any way impacted, by the settlement of the defamation case. Unless we can confirm that with you, we will need hold off on entering the dismissal and seek clarification on the record from Judge Mason at hearing on the June 16, 2016.

Please let me know how you would like to proceed. I'm hoping you can confirm the state action was not part of our settlement so we can enter the dismissal and close this matter.

I'll wait for your response.

**Joan Long** | Partner
Barnes & Thornburg LLP

One North Wacker Drive, Suite 4400, Chicago, IL 60606-2833
Direct: (312) 214-4576 | Mobile: (312) 342-0539 | Fax: (312) 759-5646

171 Monroe Ave. N.W., Suite 1000, Grand Rapids, MI 49503-2694


**BARNES & THORNBURG** LLP

Atlanta | Chicago | Dallas | Delaware | Indiana | Los Angeles | Michigan | Minneapolis | Ohio | Washington, D.C.

# Exhibit A-2

**Long, Joan**

**Subject:** FW: Engineered Abrasives v. Richerme

---

**From:** Stan Kitzinger [mailto:skitzinger@mkplawyers.com]
**Sent:** Thursday, June 09, 2016 11:01 AM
**To:** Long, Joan
**Cc:** Peters, Grant; dharitos@morseandbolduc.com
**Subject:** Re: Engineered Abrasives v. Richerme

Joan,

As you are aware, I don't represent the Richermes/AMPS in any case other than the one we settled last week. The terms of the settlement are set forth in the Settlement Agreement you drafted and the parties signed. I don't know the basis for your claim and certainly can't tell you what another attorney in another case may or may not argue. It's my understanding that you picked up and accepted up the settlement payment made by Country on behalf of the Richermes/AMPS. As defendants have completed all acts required of them under the terms of the Settlement Agreement all that is left to do is enter the stipulation to dismiss EA's claims with prejudice as required by the Settlement Agreement. Please send me the stipulation to be filed with the court.

Thanks,

Stan

# Stanley A. Kitzinger

McKnight, Kitzinger & Pravdic, LLC
117 North Jefferson Street, Suite 301
Chicago, Illinois 60661
(312) 463-9400 (x103)
(312) 463-9401 (*facsimile*)
SKitzinger@mkplawyers.com

1