# Exhibit C

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made as of the latest date of execution below (the "**Execution Date**") by and between Engineered Abrasives, Inc., an Illinois corporation (referred to herein as "**EA**"), and American Machine Products & Service Inc., an Illinois corporation and Edward Richerme, Karen Richerme, and Edward C. Richerme, all residents of Illinois (collectively referred to herein as "**Defendants**") EA and Defendants are at times each referred to as a "**Party**" and collectively referred to herein as the "**Parties**" with reference to the following facts:

## RECITALS

A.  WHEREAS, on August 10, 2015, EA filed a civil action against the Defendants, joint and several, for violation of the federal Lanham Act, commercial disparagement, product disparagement, unfair competition, violations of the Uniform Deceptive Trade Practices Act, the Consumer Fraud and Deceptive Trade Practices Act, Tortious Interference with Prospective Economic Advantage, defamation, and Piercing the Corporate Veil/Alter Ego, in the United States District Court for the Northern District of Illinois, Case No. 15-cv-6983 (the "**Action**");

B.  WHEREAS, the Parties agree that on July 21, 2015, an email was sent from the American Machine & Products, Inc. email account (ericherme@ampsabrasives.com) to individuals at Dana Holding Corporation ("**Dana**") asserting that EA modifications made to pressure vessels at Dana rendered the pressure vessels scrap and unsafe, and that the pressure vessels could rupture or explode causing serious injury or possible death to anyone working on or near them.

C.  Defendants made a claim under a Country Mutual Insurance/Country Financial ("**Insurer**") policy which provides coverage for personal and advertising injury liability with a $1,000,000 limit of liability. Insurer appointed counsel to represent Defendants, subject to a reservation of rights.

D.  WHEREAS, the Parties agreed to the entry of a Preliminary Injunction Order, entered in the Action on October 20, 2015, prohibiting Defendants from making, either expressly or by implication, six (6) enumerated statements about the quality or safety of EA machines, components or modifications.

E.  WHEREAS, in order to avoid the expense and inconvenience of litigation, and for good and valid business reasons, the Parties have agreed to resolve the Dispute and their respective claims and defenses through settlement; and

NOW, THEREFORE, in consideration of the mutual covenants set forth in this Agreement, and for other good and valuable consideration, receipt of which is acknowledged, the Parties to this Agreement covenant and agree as follows:

1. **Permanent Injunction**

    1.1 **Terms of Injunction** The Parties agree to the entry of a permanent injunction prohibiting each and every Defendant from making false and misleading statements about EA, its products or services, or its officers or owner, ~~including the following statements:~~

    a. either expressly or by implication stating that EA machines and/or components thereof are altered in a way that is (a) a violation of an industry standard or code, or not done to code or (b) requires a certification or re-certification;

    b. either expressly or by implication, making claim accusing EA of not being a "code shop" or similar accusation;

    c. either expressly or by implication stating that EA's modification to its pressure vessels as described in paragraph 36 of its Complaint renders its pressure vessel scrap or unsafe or any similar accusation; *delete a-f.*

    d. either expressly or by implication stating that EA's modification to its pressure vessels as described in paragraph 36 of its Complaint can cause the pressure vessel to rupture or explode;

    e. either expressly or by implication stating that EA's Modification to its pressure vessels as described in paragraph 36 of its Complaint can cause serious injury or possible death to person's nearby;

    f. either expressly or by implication stating that EA altered its pressure vessels to its pressure vessels as described in paragraph 36 of its Complaint knowing it would compromise the strength and safety of ~~the tanks. [Terms]~~

    1.2 **Liquidated Damages for Breach of Permanent Injunction** The Parties agree that any breach of the permanent injunction by the any one of the Defendants will cause immediate and irreparable harm to EA and EA will be entitled to seek emergency injunctive relief and liquidated damages in the amount of ~~$500,000.00~~ $250,000.

2. **Payment** On behalf of Defendants, and subject to the releases provided in Section 8a herein, Insurer will pay to EA $ 75,000 .

3. **Publishable Retraction from Defendants** In order to combat any ~~future injury~~ caused by ~~Defendants past statements,~~ Defendants ~~will sign~~ a letter, in the form attached as **Exhibit A,** ~~for EA to use as it deems appropriate~~ to refute Defendants' ~~prior~~ statements about the fitness and safety of EA machines and components. *not agreed.*

4. **Dismissal**. Within five (5) business days of the Execution Date and entry of the permanent injunction order, EA shall dismiss the Action with prejudice.

5. **Choice of Law and Forum Selection**. Any action to enforce the Agreement must be brought in the United States District Court, Northern District of Illinois. Any litigation to enforce the terms of the Agreement shall provide the prevailing Party with recovery of reasonable attorney's fees and costs incurred in connection with any action to enforce the Agreement. The Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without regard to choice of law principles of the State of Illinois, except where the Federal Rules provide the basis for action or the issue requires application of Federal law.

6. **Geographic Scope**. The Agreement shall be effective and binding on the Parties throughout the world.

7. **Final Agreement**. All Parties agree to accept the Agreement with the knowledge that all Parties are bound hereby.

8. **Mutual Release**.

   a. EA, on behalf of itself, its parents, subsidiaries, affiliates, officers, directors, employees, agents, successors and assigns, hereby releases Defendants, their subsidiaries, affiliates, officers, directors, employees, agents, attorneys, shareholders, successors and assigns, of and from any and all rights, claims, debts, demands, acts, agreements, liabilities, obligations, damages, costs, attorneys' fees, expenses, actions, and/or causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, which it ever had, now has, or may hereafter claim to have by reason of any matter, cause or circumstance whatsoever arising or occurring prior to and including the date of the Agreement, including but not limited to the claims and defenses set forth in the Action.

   b. Defendants, each on behalf of itself, its subsidiaries, affiliates, licensees, officers, directors, employees, agents, successors and assigns, hereby releases EA, its parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, shareholders, successors and assigns, of and from any and all rights, claims, debts, demands, acts, agreements, liabilities, obligations, damages, costs, attorneys' fees, expenses, actions, and/or causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, which it ever had, now has, or may hereafter claim to have by reason of any matter, cause or circumstance whatsoever arising or occurring prior to and including the date of the Agreement, including but not limited to the claims and defenses set forth in the Action. The releases granted herein are expressly conditioned upon full performance of all the obligations under the Agreement. If any of the Parties hereto breach the Agreement in any respect, the releases in their favor shall be null and void as though it had never taken effect. This release does not extend to any obligations incurred under the Agreement.

9. **Further Assurances**. Each Party to the Agreement shall execute all instruments and documents and take all actions as may be reasonably required to effectuate the Agreement.

10.  **Modification**. The Agreement may be modified only by a writing executed by the Party to the Agreement against whom enforcement of such modification is sought.

11.  **Headings.** The headings, subheadings and numbering of the different sections of the Agreement are inserted for convenience of reference only and are not to be taken as part of the Agreement or to control or affect the meaning, construction or effect of same.

12.  **Binding Upon Affiliates and Successors in Interest**. Except as explicitly provided herein, the Agreement shall be binding upon, the parents, subsidiaries, affiliates, officers, directors, employees, agents, assigns and successors in interest of each of the Parties hereto.

13.  **Counterparts**. The Agreement may be executed in one or more counterparts. When each Party has signed and delivered at least one such counterpart to the others, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Delivery of an executed counterpart of the Agreement by facsimile transmission or electronic delivery shall be equally as effective as delivery of an original executed counterpart of the Agreement. Any Party delivering an executed counterpart of the Agreement by facsimile transmission or electronic delivery shall also deliver an original executed counterpart, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability and binding effect of the Agreement.

14.  **Good Faith Negotiations**. The Parties acknowledge that the Agreement is the result of extensive good faith negotiations between the Parties' principals.

15.  **Construction/Severability**. If any provision of the Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement but in no event shall such provision affect, impair or invalidate any other provision hereof.

16.  **Waiver.** Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision(s) hereof.

17.  **Authorized Signatures**. The Parties hereby acknowledge that they have each read and understand the terms and scope of the Agreement, are freely entering into the Agreement, and intend to be legally bound hereby. Each Party signing the Agreement warrants and represents that he, she or it has authority to enter into the Agreement on behalf of the Party for whom he or she signs.

18. **Fees**. Except as provided in the Agreement, each Party will bear its own fees and costs in connection with the Dispute.

[Signature Page to follow]

IN WITNESS WHEREOF, the Parties have executed the Agreement.

Dated: June 2, 2016　　　**Engineered Abrasives, Inc.**

By: *Michael J. Wern*

Name: Mike Wern - President

Title:

Dated: June 2, 2016　　　**American Machine Products & Service, Inc.**

By: *[signature]*

Name: Edward C Richerme

Title: President

Dated: June 2, 2016　　　**Edward Richerme**

*[signature]*

Dated: June 2, 2016　　　**Karen Richerme**

*[signature]*

Dated: June 2, 2016　　　**Edward C. Richerme**

*[signature]*