# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENGINEERED ABRASIVES, INC., ) <br> ) <br> Plaintiff, ) <br> ) Case No. 1:15-cv-06983 <br> v. ) <br> ) <br> AMERICAN MACHINE PRODUCTS ) Honorable Michael T. Mason <br> & SERVICE INC., EDWARD ) <br> RICHERME, KAREN RICHERME ) <br> AND EDWARD C. RICHERME, ) <br> ) <br> Defendants. ) | |

### DECLARATION OF MICHAEL WERN IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS

Michael Wern, being duly sworn, deposes and says:

1. I participated in the settlement conference before Judge Mason as the President and owner of Engineered Abrasives, Inc. ("EA") in good faith in order to try to resolve the issues in the federal defamation Action (the "Action") (*Engineered Abrasives, Inc. v. Edward Richerme, Karen Richerme, Edward C. Richerme and American Machine Products & Service Inc.* Case No. 1:15-cv-06983 (N.D. Illinois)) against Edward Richerme, Karen Richerme, Edward C. Richerme and American Machine Products & Service Inc. (the "Defendants") in which EA sued the Defendants (the Defendants and EA collectively referred to as the "Parties").

2. I submit this affidavit in support of PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS. I have personal knowledge of the facts set forth below, and if called and sworn as a witness, I could and would testify competently thereto.

1

3. When I signed the settlement agreement (the "Agreement") in the Action I believed I was settling only the federal defamation Action and matters which could have been brought in connection with the defamation Action and no other matters.

4. At no point during the settlement conference did we discuss, nor did I believe, the Agreement in the Action would release EA's claims against subsets of Defendants that were pending in the separate state action (*Engineered Abrasives, Inc. v Edward C. Richerme, et al.*, Case No. 12 CH 901) in which all the parties are represented by a completely different set of attorneys who did not participate or appear in the settlement conference.

5. I did not agree, and would never have agreed, to settle the Action if it involved releasing EA's state claims.

6. At no point during the settlement conference did we discuss, nor did I believe, the Agreement in the Action would be used to vacate the judgment in the separate and closed federal trademark and copyright case (*Engineered Abrasives Inc. v Edward Richerme et al*, Case No. 13-cv-7342) which did not include all of the same parties as in the Action, and in which the defendants in that case were represented by different attorneys, not the attorneys in the Action and who did not participate or appear in the settlement conference.

7. I did not agree, and would never have agreed, to settle the Action if it involved vacating EA's judgment award in the trademark and copyright case.

8. At no point during the settlement conference did we discuss, nor did I believe, the Agreement in the Action would release EA's claims against the Defendants relating to the non-dischargeable debt a subset of the Defendants owed EA pursuant to bankruptcy judgments (United States Bankruptcy Court, Northern District of Illinois, Case No. 15-16083, Adv. No. 15-

00569, *In re: Edward C. Richerme, et al. v. Engineered Abrasives, Inc.*; Case No. 14-28683, *In re: Edward Richerme v. Engineered Abrasives, Inc.*).

9. I did not agree, and would never have agreed, to settle the Action if it involved releasing EA's bankruptcy claims which were declared by the bankruptcy court to be so egregious so as to be "non-dischargeable."

10. I never knew nor suspected, because it was never negotiated by the Parties to the Action, that when I signed the Agreement that the Defendants would try to use the Agreement against EA in the state case, in the separate and closed federal trademark and copyright case, or for the non-dischargeable bankruptcy debt.

11. The state case claims, the federal trademark and copyright case and the resulting judgment award, and the non-dischargeable bankruptcy debt are unrelated to the Action which the parties agreed to settle with the assistance of Judge Mason.

12. The judgment award for the state case was obtained after over a year of litigation and the cost of several hundreds of thousands of dollars to EA.

13. EA incurred more time and costs challenging the defendants in bankruptcy to have the judgment debt owed EA declared non-dischargeable.

14. Before, during, after the settlement conference relating to the Action, I intended to collect the non-dischargeable judgment debt owed EA from two of the Defendants to the Action.

15. It would have a devastating effect on EA and its future business if the two Defendants' debt was released and EA's claims in the state action were dismissed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __July 1__, 2016 in Alsip, Illinois.

_____
Michael Wern